## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

BERNARD ALLEN HOUSTON,

|                                          |     |                             |
| ---------------------------------------- | --- | --------------------------- |
| Plaintiff,                               | )   |                             |
|                                          | )   |                             |
| vs.                                      | )   |                             |
|                                          | )   | CIVIL ACTION NO. _____  |
| Georgia Department of Public Safety;     | )   |                             |
| Trooper Dustin Andrew Stone, Sgt.        | )   |                             |
| Joseph Curlee, TFC Aaron                 | )   |                             |
| DiGiacomo, Trooper Tyler Byrd, TFC       | )   |                             |
| Erik Lawrence, Sgt. Josh Riddle, and     | )   |                             |
| Deputy Comissioner Kendrick Lowe,        | )   |                             |
|                                          | )   |                             |
| Defendants.                              | )   |                             |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Bernard Allen Houston and hereby files his Complaint for Damages.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Bernard Houston ("Plaintiff") is a resident of the State of Georgia.

2.      At all times relevant hereto, Defendant Dustin Andrew Stone ("Defendant Stone") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant Stone may be served at his residence located at

1

315 Willow Oak Drive, Richmond, Bryan County, Georgia 31324, or wherever legal service may be established.

3.      At all times relevant hereto, Defendant Joseph Curlee ("Defendant Curlee") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant Curlee may be served at his residence located at 320 Firethorne Drive, Brookley, Bulloch County, Georgia 30415, or wherever legal service may be established.

4.      At all times relevant hereto, Defendant Aaron DiGiacomo ("Defendant DiGiacomo") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant DiGiacomo may be served at his residence located at 8 Glenmore Drive, Guyton, Effingham County, Georgia 31312, or wherever legal service may be established.

5.      At all times relevant hereto, Defendant Tyler Byrd ("Defendant Byrd") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant Byrd may be served at his residence located at 3 Woodcock Road, Unit 4113, Savannah, Chatham County, Georgia 31404, or wherever legal service may be established.

2

6.     At all times relevant hereto, Defendant Erik Lawrence ("Defendant Lawrence") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant Lawrence may be served at his residence located at 175 Timberland Trail, Richmond Hill, Bryan County, Georgia 31324, or wherever legal service may be established.

7.     At all times relevant hereto, Defendant Josh Riddle ("Defendant Riddle") was a certified police officer employed by the Georgia State Patrol, a division of the Georgia Department of Public Safety, and is being sued in his individual capacity. Defendant Riddle may be served at his residence located at 2017 Alexis Drive, Claxton, Evans County, Georgia 30417, or wherever legal service may be established.

8.     At all times relevant hereto, Defendant Kendrick Lowe ("Defendant Lowe") was the Deputy Commissioner responsible for the Georgia State Patrol, and was the chief law enforcement officer for the Georgia State Patrol, and the final policymaker and decision maker for the Georgia State Patrol.  Defendant Lowe is and was under a duty to run the policing activities of the Georgia State Patrol so as to preserve the peace and to preserve to the citizens of the State of Georgia the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Georgia. Defendant Lowe is sued in his

3

individual capacity. Defendant Lowe may be served at his residence located at 3253 Clemons Road, Jonesboro, Clayton County, Georgia 30236, or wherever legal service may be established.

9.      Defendant Georgia Department of Public Safety ("Defendant DPS") is a state agency and political subdivision of the State of Georgia.

10.     Pursuant to O.C.G.A. § 50-21-35, Defendant DPS may be served by and through its designee for service of process, Joan G. Crumper, at the following address: Georgia Department of Public Safety, 959 United Avenue S.E., Atlanta, Georgia 30316.

11.     Defendant DPS is subject to the jurisdiction and venue of this Court.

12.     Venue is proper in this Court because the subject incident occurred in Savannah, Chatham County, Georgia.

13.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

14.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

## FACTUAL ALLEGATIONS

15.     At approximately 8:08 p.m. on October 28, 2022, Mr. Houston was lawfully stopped in his Honda CRV at a red light at the intersection of Victory Drive and Waters Avenue in Savannah, Georgia.

16.     Defendant Stone, operating a Georgia State Patrol vehicle, activated his blue lights behind Mr. Houston and Mr. Houston immediately pulled over to the side of the road without incident.

17.     Before Mr. Houston even put his car in park, Defendant Stone and several other Troopers, including Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle (collectively "Troopers"), drew their service weapons pointing them at Mr. Houston and began shouting at Mr. Houston, "PUT YOUR HANDS UP! HANDS UP! BOTH HANDS! KEEP 'EM UP!"

18.     Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle all shouted conflicting and competing commands at Mr. Houston, who made every reasonable effort to comply.

19.     In response to commands Mr. Houston immediately placed both hands outside of his open driver's side window.

20.     Troopers then shouted at Mr. Houston, "WITH YOUR LEFT HAND, OPEN THE DOOR FROM THE OUTSIDE! KEEP YOUR HANDS OUT THE WINDOW AND OPEN THE DOOR FROM THE OUTSIDE! IF YOU MOVE YOUR HANDS INSIDE THAT CAR WE WILL SHOOT YOU!" Mr. Houston immediately

complied. Thus, carefully keeping both hands exposed out the window while still seated in the driver's seat with his seatbelt on and his foot clearly still on the brake, Mr. Houston opened the door from the outside.

21.     Upon observing that Mr. Houston complied with their initial commands to open the door, the Troopers began shouting at Mr. Houston, "GET OUT WITH YOUR HANDS UP! GET OUT NOW!"

22.     Keeping both hands out of his car, Mr. Houston attempted to exit the driver's seat, but his car began rolling forward when he took his foot off the brake. Troopers thus began shouting at Mr. Houston to "PUT IT IN PARK!" Keeping his left out of his car, Mr. Houston thus used his right hand to put the car in park, at which point a Trooper shouted "THIRD WARNING, EXIT THE VEHICLE OR THE DOG IS RELEASED!" in response to which Mr. Houston immediately informed Troopers that he was physically incapable of exiting the vehicle because "I'VE GOT A SEATBELT ON, SIR!" Troopers nevertheless ordered him to "stop talking, get out" and to "get the fuck out of the car."

23.     As Mr. Houston began unbuckling his seatbelt to exit the vehicle, a Trooper led his K9 to the driver's seat where the K9 began to viciously attack Mr. Houston, at which point Mr. Houston was compliant, not resisting, not attempting to flee, and posing no threat. The K9 continued attacking Mr. Houston and then dragged him from the driver's seat onto the ground where he was in full physical

control of 4 uniformed Troopers who immediately surrounded Mr. Houston on the ground and began handcuffing him, at which point Mr. Houston was compliant, not resisting, not attempting to flee, and posing no threat whatsoever. Nevertheless, none of the 4 Troopers intervened and instead allowed the K9 to gratuitously continue attacking Mr. Houston for approximately 30 seconds on the ground. Shortly after the attack and as Mr. Houston is informing Troopers that he didn't do anything wrong, a Trooper loudly congratulated the K9, "GOOD BOY, LARRY!"

24.    The entire interaction between Mr. Houston and the individually named Defendants was captured on video with audio recording.

25.    Defendant Stone claims that he stopped Mr. Houston's vehicle because he "overheard on the radio" that "undercover Savannah Police Officers were following a blue Honda CRV that was wanted in relation to a shooting in East Savannah" and that "[t]he [Savannah] Officer following the vehicle observed it driving with no headlights and run a stop sign."

26.    On October 28, 2022, no law enforcement officer was in hot pursuit of the shooting suspect as the shooting occurred over a week prior on October 19, 2022, and no vehicle resembling Mr. Houson's vehicle was connected to the investigation of that shooting. There were no arrest warrants for the shooting suspect and on present information and belief, Savannah did not provide a physical description of

any such suspect or the license plate number of the suspect's vehicle to GSP over the radio.

27.     Defendant Stone stated in the official report of this incident that he could smell marijuana on Mr. Houston's breath during the arrest, and this statement was false and misleading, as no marijuana was found on Mr. Houston, in his vehicle, and no marijuana derivatives were present in Mr. Houston's bloodstream when toxicology was performed within hours of this incident.

28.     Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle could have, at any time during this incident, interceded and ended the violations of Mr. Houston's Constitutional rights, but made the conscious decision to allow fellow officers to violate Mr. Houston.

29.     Plaintiff sustained serious bodily injuries, emotional distress, and other damages as a result of being unlawfully arrested without a warrant or probable cause, and being attacked by a K-9 in the course thereof.

30.     Mr. Houston asserts that Defendant Stone initiated an unlawful and unjustified traffic stop in violation of Mr. Houston's Constitutional rights.

31.     The Troopers' use of firearms, physical force, and deployment of a K-9 unit was an excessive use of force in violation of Mr. Houston's Constitutional rights.

32.    The Troopers' use of firearms, physical force, and deployment of a K-9 unit under the circumstances then and there existing constituted an unjustified use of deadly force.

33.    At all times material hereto, Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle were acting under the color of state law and in their capacity as law enforcement officers for the Georgia State Patrol.

34.    Defendant Lowe and/or Defendant DPS either failed to investigate this incident or performed an investigation of this incident which exonerated all officers of misconduct as no officer was disciplined or terminated as a result of this incident. As a result, Defendant Lowe and Defendant DPS ratified, approved, or condoned the conduct of its officers in all respects indicating that the traffic stop and assault of Mr. Houston was conducted in accordance with the policies, practices, and customs of the Georgia State Patrol and Georgia Department of Public Safety.

35.    As a direct and proximate result of the aforementioned conduct, Mr. Houston sustained substantial injuries. These injuries include but are not limited to, loss of constitutional and federal rights, great pain and emotional distress, ongoing emotional distress.

36.    The conduct of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle were willful, wanton, malicious, reckless, and fraudulent such as to support a claim for punitive damages against them in their personal capacities.

<u>COUNT I</u>
## <u>42 U.S.C. § 1983: Excessive Force in Violation of the Fourth Amendment</u>
<u>(Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle)</u>

37.     Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs (1) through (35) of this Complaint.

38.     Plaintiff is a citizen of the United States and Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle are persons for purposes of 42 U.S.C. § 1983.

39.     Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle, at all times relevant hereto, committed the above described actions and inactions jointly, under the color of state law and by virtue of their authority as law enforcement officers with the Georgia State Patrol and Georgia Department of Public Safety, and deprived Plaintiff Bernard Houston of his clearly established rights, privileges, and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 including, but not limited to:

- Freedom from unreasonable and unjustified seizure;
- Freedom from the use of deadly, unreasonable, excessive, and unjustified force;
- Freedom from deprivation of life and liberty without due process of law;
- Freedom from arbitrary government action which is so outrageous as to shock the conscience of a civilized society; and
- Freedom from summary punishment.

40.    Ant reasonable Georgia State Patrol and/or Department of Public Safety officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

41.    No reasonable officer in Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle's positions could have believed such circumstances existed so to justify the initial traffic stop, use of force, threats of deadly violence, deployment of a K-9 unit, and other misconduct to be discovered, as there was never any real or perceived threat or danger to any person involved in this incident other than Mr. Houston.

42.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle actions and inactions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them, and they violated Plaintiff's Fourth Amendment rights.

43.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's protected rights.

44.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle unlawfully seized Plaintiff, thereby unlawfully restraining Plaintiff of his freedom.

45.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle engaged in the conduct described in this Complaint willfully, maliciously, in bad

faith, and in reckless disregard of Plaintiff's federally protected rights, and did so with shocking and willful indifference to Plaintiff's rights knowing such actions and inactions would cause, or had a high probability of causing, both emotional and physical injury to Plaintiff.

46.    As a direct and proximate result of the actions and inactions of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle, Plaintiff's constitutional rights were violated and the Plaintiff sustained serious and permanent injuries.

47.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle are not entitled to qualified immunity for their actions and inactions.

48.    In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle under 42 U.S.C. § 1983, in that the actions and inactions of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle were malicious, willfull, and/or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

49.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest, and costs as allowable by federal law.

**COUNT II**
**Intentional Torts**
**(Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle)**

50.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs (1) through (48) as if fully restated herein.

51.    The actions and conduct of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle constitute common law battery, false imprisonment, and assault under the laws of the State of Georgia.

52.    Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle did commit the following overt acts including, but not limited to, the following: (1) unlawfully touching, pushing, and restraining Plaintiff without legal justification; (2) deploying a K-9 unit to bite or otherwise harm Plaintiff; (3) restraining Plaintiff without legal justification; (4) threating Plaintiff with death and great bodily harm unless he subjected himself to their whims; and (4) other acts to be discovered.

53.    This Court has pendent and supplemental jurisdiction to hear and adjudicate these claims.

54.    As a direct and proximate result of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle's acts and omissions, Plaintiff suffered serious and permanent injuries and is entitled to an award for actional and compensatory damages.

55.     The actions of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle were so heinous, deplorable, willful, intentional, and malicious so as to shock the public sense of decency, and support an award of punitive damages.

### COUNT III
### 42 U.S.C. § 1983 (Customs, Policies, Practices, and/or Procedures)
(Defendant Lowe and Defendant DPS)

56.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs (1) through (55) as if fully restated herein.

57.     The unconstitutional actions and/or omissions of Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle, were pursuant to the following customs, policies, practices, and/or procedures of the Georgia State Patrol, which were directed, encouraged, allowed, and/or ratified by policy-making Defendant Lowe and Defendant DPS:

- To use or tolerate unlawful and unjustified traffic stops;
- To use or tolerate the use of excessive and/or unjustified force;
- Failure to implement or enforce a use of force policy that trains, teaches, and supervises how and when to apply force in such a way as to not violate the rights of citizens;
- Failure to implement or enforce a K-9 deployment policy that trains, teaches, and supervises the deployment of K-9 units in such a way as to not violate the rights of citizens;
- Failure to properly and adequately supervise, investigate, and discipline unconstitutional or unlawful activity by Georgia State Patrol and Georgia Department of Public Safety employees;
- In such other and additional ways as may be found during discovery in this case.

14

58.    Defendant Lowe and Defendant DPS failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline employees of the Georgia State Patrol and Georgia Department of Public Safety with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

59.    The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants Stone, Curlee, DiGiacomo, Byrd, Lawrence, and Riddle, were a moving force and proximate cause of the deprivations of Mr. Houston's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

60.    Defendant Lowe and Defendant DPS subjected Mr. Houston to wrongful conduct, depriving Mr. Houston of the rights described more fully above, and knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Mr. Houston and other members of the general public did conduct operations of the Georgia State Patrol in such a way as to reasonably expect the rights of Mr. Houston and the general public to be violated by officers of the Georgia State Patrol.

61.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendant Lowe and Defendant DPS, Plaintiff is entitled to damages, penalties, costs, and attorneys fees as set forth above, including punitive damages against Defendant White in his individual capacity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that he have a trial before a jury on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recover general, compensatory, and punitive damages arising out of Defendants' violations of state and federal law;

(b)     That Plaintiff recover reasonable attorney's fees and expenses of litigation under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11;

(c)     That all issues be tried before a jury; and

(d)     For such other and further relief as the Court deems just and proper.

This 23rd  day of October, 2024.

/s/ L. Chris Stewart
L. Chris Stewart
Georgia Bar No. 142289
Nathaniel K. Hofman
Georgia Bar No. 997966
**STEWART MILLER SIMMONS**
**TRIAL ATTORNEYS**

55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
(470) 344-6719 fax
cstewart@smstrial.com
nhofman@smstrial.com